# EXHIBIT A

Hearing Date: 10/27/2021 9:30 AM - 9:30 AM
Courtroom Number: 2502
Location: District 1 Court
         Cook County, IL

FILED
6/30/2021 4:21 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH03170

13885849

| 2120 - Served | 2121 - Served | 2620 - Sec. of State |
| 2220 - Not Served | 2221 - Not Served | 2621 - Alias Sec of State |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |

Summons - Alias Summons                           (12/01/20) CCG 0001 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Name all Parties

Araceli Gil, individually and on behalf of all others similarly situated,

Plaintiff(s)

v.

Commonwealth Financial Systems, Inc., et. al.

Case No. 2021CH03170

Defendant(s)

c/o Illinois Corporation Service Co, 801 Adlai Stevenson Drive, Springfield, IL, 62703

Address of Defendant(s)

Please serve as follows (check one):   ○ Certified Mail   ○ Sheriff Service   ● Alias

### SUMMONS

To each Defendant:

You have been named a defendant in the complaint in this case, a copy of which is hereto attached. You are summoned and required to file your appearance, in the office of the clerk of this court, within 30 days after service of this summons, not counting the day of service. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

**THERE WILL BE A FEE TO FILE YOUR APPEARANCE.**

To file your written appearance/answer **YOU DO NOT NEED TO COME TO THE COURTHOUSE.** You will need: a computer with internet access; an email address; a completed Appearance form that can be found at http://www.illinoiscourts.gov/Forms/approved/procedures/appearance.asp; and a credit card to pay any required fees.

Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois
cookcountyclerkofcourt.org
Page 1 of 3

| Summons - Alias Summons | (12/01/20) CCG 0001 B |
|---|---|

FILED DATE: 6/30/2021 4:21 PM 2021CH03170

E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www.illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

Please call or email the appropriate clerk's office location (on Page 3 of this summons) to get your court hearing date AND for information whether your hearing will be held by video conference or by telephone. The Clerk's office is open Mon - Fri, 8:30 am - 4:30 pm, except for court holidays.

**NOTE: Your appearance date is NOT a court date. It is the date that you have to file your completed appearance by. You may file your appearance form by efiling unless you are exempted.**

A court date will be set in the future and you will be notified by email (either to the email address that you used to register for efiling, or that you provided to the clerk's office).

**CONTACT THE CLERK'S OFFICE for information regarding COURT DATES by visiting our website: cookcountyclerkofcourt.org; download our mobile app from the AppStore or Google play, or contact the appropriate clerk's office location listed on Page 3.**

To the officer: (Sheriff Service)

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than thirty (30) days after its date.

⦿ Atty. No.: 62709
○ Pro Se 99500
Name: Chicago Consumer Law Center, P.C.
Atty. for (if applicable):
Plaintiff
Address: 33 N. Dearbon St. Suite 400
City: Chicago
State: IL   Zip: 60602
Telephone: 312-858-3239
Primary Email: Bryan.Thompson@cclc-law.com

6/30/2021 4:21 PM IRIS Y. MARTINEZ
Witness date _____

IRIS Y. MARTINEZ, Clerk of Court

☐ Service by Certified Mail:
☒ Date of Service: 7-12-2021
(To be inserted by officer on copy left with employer or other person)

FILED DATE: 6/30/2021 4:21 PM 2021CH03170

## GET YOUR COURT DATE BY CALLING IN OR BY EMAIL

**CALL OR SEND AN EMAIL MESSAGE** to the telephone number or court date email address below for the appropriate division, district or department to request your next court date. Email your case number, or, if you do not have your case number, email the Plaintiff or Defendant's name for civil case types, or the Defendant's name and birthdate for a criminal case.

### CHANCERY DIVISION
**Court date EMAIL:** ChanCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5133

### CIVIL DIVISION
**Court date EMAIL:** CivCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5116

### COUNTY DIVISION
**Court date EMAIL:** CntyCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5710

### DOMESTIC RELATIONS/CHILD SUPPORT DIVISION
**Court date EMAIL:** DRCourtDate@cookcountycourt.com
OR
ChildSupCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-6300

### DOMESTIC VIOLENCE
**Court date EMAIL:** DVCourtDate@cookcountycourt.com
Gen. Info:   (312) 325-9500

### LAW DIVISION
**Court date EMAIL:** LawCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5426

### PROBATE DIVISION
**Court date EMAIL:** ProbCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-6441

### ALL SUBURBAN CASE TYPES
### DISTRICT 2 - SKOKIE
**Court date EMAIL:** D2CourtDate@cookcountycourt.com
Gen. Info:   (847) 470-7250

### DISTRICT 3 - ROLLING MEADOWS
**Court date EMAIL:** D3CourtDate@cookcountycourt.com
Gen. Info:   (847) 818-3000

### DISTRICT 4 - MAYWOOD
**Court date EMAIL:** D4CourtDate@cookcountycourt.com
Gen. Info:   (708) 865-6040

### DISTRICT 5 - BRIDGEVIEW
**Court date EMAIL:** D5CourtDate@cookcountycourt.com
Gen. Info:   (708) 974-6500

### DISTRICT 6 - MARKHAM
**Court date EMAIL:** D6CourtDate@cookcountycourt.com
Gen. Info:   (708) 232-4551

Hearing Date: 10/27/2021 9:30 AM - 9:30 AM
Courtroom Number: 2502
Location: District 1 Court
Cook County, IL

**12-Person Jury**

FILED
6/29/2021 10:55 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
*2021CH03170*

13858117

FILED DATE: 6/29/2021 10:55 AM 2021CH03170

**Chancery Division Civil Cover Sheet**
**General Chancery Section**

(12/01/20) CCCH 0623

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

Araceli Gil, Individually and on behalf of all others similarly situated

Plaintiff

v.

Commonwealth Financial Systems, Inc., et. al.

Defendant

Case No: _____

**CHANCERY DIVISION CIVIL COVER SHEET**
**GENERAL CHANCERY SECTION**

A Chancery Division Civil Cover Sheet - General Chancery Section shall be filed with the initial complaint in all actions filed in the General Chancery Section of Chancery Division. The information contained herein is for administrative purposes only. Please check the box in front of the appropriate category which best characterizes your action being filed.

**Only one (1) case type may be checked with this cover sheet.**

| | | | | | |
|---|---|---|---|---|---|
| 0005 | ☐ | Administrative Review | 0017 | ☐ | Mandamus |
| 0001 | ☑ | Class Action | 0018 | ☐ | Ne Exeat |
| 0002 | ☐ | Declaratory Judgment | 0019 | ☐ | Partition |
| 0004 | ☐ | Injunction | 0020 | ☐ | Quiet Title |
| | | | 0021 | ☐ | Quo Warranto |
| 0007 | ☐ | General Chancery | 0022 | ☐ | Redemption Rights |
| 0010 | ☐ | Accounting | 0023 | ☐ | Reformation of a Contract |
| 0011 | ☐ | Arbitration | 0024 | ☐ | Rescission of a Contract |
| 0012 | ☐ | Certiorari | 0025 | ☐ | Specific Performance |
| 0013 | ☐ | Dissolution of Corporation | 0026 | ☐ | Trust Construction |
| 0014 | ☐ | Dissolution of Partnership | 0050 | ☐ | Internet Take Down Action (Compromising Images) |
| 0015 | ☐ | Equitable Lien | | | |
| 0016 | ☐ | Interpleader | | ☐ | Other (specify) _____ |

● Atty. No.: 62709      ○ Pro Se 99500

Atty Name: Chicago Consumer Law Center, P.C.

Atty. for: Plaintiff

Address: 33 N. Dearbon St. Suite 400

City: Chicago    State: IL

Zip: 60602

Telephone: 312-858-3239

Primary Email: Bryan.Thompson@cclc-law.com

Pro Se Only: ☐ I have read and agree to the terms of the Clerk's Clerk's Office Electronic Notice Policy and choose to opt in to electronic notice from the Clerk's office for this case at this email address:

Email: statedocket@cclc-law.com

Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois
cookcountyclerkofcourt.org
Page 1 of 1

Hearing Date: 10/27/2021 9:30 AM - 9:30 AM
Courtroom Number: 2502
Location: District 1 Court
Cook County, IL

FILED
6/29/2021 10:55 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH03170

FILED DATE: 6/29/2021 10:55 AM   2021CH03170

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| ARACELI GIL, individually and on behalf of all others similarly situated, <br><br> *Plaintiff,* <br><br> v. <br><br> **COMMONWEALTH FINANCIAL SYSTEMS, INC.** and **PENDRICK CAPITAL PARTNERS II, LLC,** <br><br> *Defendants.* | Case No.: **2021CH03170** <br><br> CLASS ACTION <br><br> JURY DEMAND |

## CLASS ACTION COMPLAINT

Plaintiff Araceli Gil, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") for a finding that the Defendants' actions violated the FDCPA, and to recover damages for Defendants' violations thereof, and alleges:

### NATURE OF THE CASE

1. The FDCPA is a broad, remedial statute that prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts.

2. In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

1

3. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

4. To this end, the FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

5. Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F. Supp. 2d 1035, 1042 (N.D. Ill. 2008).

6. Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. § 1692 *et seq*.

7. "An action to enforce any liability created by [the FDCPA] may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d).

**JURISDICTION AND VENUE**

8. Jurisdiction over the Defendants is proper under 735 ILCS 5/2-209(a)(1) (transaction of any business within this State), section 2-209(b)(4) (corporation doing business

2

within this State), and section 2-209(c) (any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States).

9. Venue is proper in this County pursuant to 735 ILCS 5/2-101, because this is the county in which the transactions and occurrences at issue, or some part thereof, occurred. In addition, the Defendants do business in this County and have registered agents located in this State. 735 ILCS 5/2-102(a).

10. Pursuant to General Order No. 1.2 of the Circuit Court of Cook County, this action is properly before the Chancery Division of the County Department because it is a putative Class Action.

## PARTIES

11. Plaintiff Araceli Gil was a resident and citizen of the State of Illinois during all times relevant to this complaint.

12. Defendant Commonwealth Financial Systems, Inc. ("CFSI") is a Pennsylvania based corporation.

13. Defendant CFSI acts as a debt collector as defined by § 1692a(6) of the FDCPA because it uses the instrumentalities of interstate commerce including the telephone and/or the mails in its business, the principal purpose of which is the collection of defaulted consumer debts.

14. Defendant CFSI also acts as a debt collector as defined by § 1692a(6) of the FDCPA as it regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15. Defendant Pendrick Capital Partners II, LLC ("Pendrick") is a Delaware based limited liability company.

16. Defendant Pendrick acts as a debt collector as defined by § 1692a(6) of the FDCPA because it uses the instrumentalities of interstate commerce including the telephone and/or the mails in its business, the principal purpose of which is the collection of defaulted consumer debts.

17. Defendant Pendrick also acts as a debt collector as defined by § 1692a(6) of the FDCPA as it is a debt buyer and employed CFSI to collect alleged defaulted consumer debts on its behalf, which debts were originally owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

18. According to the Defendants, Plaintiff incurred a debt for goods and/or services used for personal, family or household purposes, for a medical debt originally owed to EPMG of Illinois-Oak Park ("Alleged Debt").

19. The alleged debt is thus a "debt" as that term is defined by § 1692a(5) of the FDCPA.

20. The Defendants have alleged that Plaintiff failed to make full payment and the debt entered default and was charged off.

21. CFSI was subsequently hired or retained to attempt to collect the alleged debt from Plaintiff on behalf of Pendrick.

22. Defendant CFSI began attempting to collect the alleged debt from Plaintiff and sent Plaintiff a collection letter on or about November 25, 2020. (Exhibit A, Collection Letter).

23. The Letter conveyed information regarding the alleged debt, including an account number and balance due on the alleged debt.

24. The Letter was thus a "communication" as that term is defined at § 1692a(2) of the FDCPA.

25. On information and belief, the letter was produced with the assistance of a third-party letter vendor.

26. Exhibit A contains information regarding a designated Post Office Box in Charlotte, North Carolina that does not trace back to CFSI's offices in Pennsylvania.

27. In this case, the Charlotte, North Carolina letter vendor would have required certain information prior to sending Exhibit A to Plaintiff, including Plaintiff's name, address, account number, the alleged creditor to whom she owes money, and the amount of the alleged debt.

28. This information would have been sent by the Defendants as a matter of course to the third party letter vendor, who would then use this information about Plaintiff to populate the template letter and communicate this information to Plaintiff.

29. Defendants communicated information about Plaintiff's alleged debt to third parties, including the third-party letter vendor, in violation of law.

30. 15 U.S.C. § 1692a(2) of the FDCPA states in relevant part:

**The term "communication" means the conveying of information regarding a debt directly or indirectly to any person through any medium.**

31. This information about Plaintiff was a communication as it is defined by the FDCPA because it related to information about Plaintiff's alleged debt to a third party.

32. This communication also included numerous highly personal and private details such as account number and home address, that would not necessarily be publicly available.

33. 15 U.S.C. § 1692c(b) of the FDCPA states in relevant part:

**(b) Communication with third parties;**

**Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial**

5

remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

34. Defendants violated § 1692c(b) of the FDCPA when they communicated information in connection with an alleged debt about Plaintiff, to a third party, when they had no legal right to do so.

35. At no time did Plaintiff provide prior consent to the Defendants to communicate this highly private financial information to a third party.

36. At no point did a court of competent jurisdiction provide authorization for Defendants to communicate this information about Plaintiff.

37. This communication was not reasonably necessary to effectuate a postjudgment judicial remedy.

38. The communication to the third party letter vendor was not to the consumer, their attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of the debt collector.

39. Defendants' communications regarding Plaintiff's alleged debt caused an outside party to obtain this highly sensitive information about Plaintiff.

40. The Defendants had no legal right to communicate this information about Plaintiff to a third party that was not specifically authorized to receive it under 15 U.S.C. § 1692c(b) of the FDCPA.

41. 15 U.S.C. § 1692f of the FDCPA provides in relevant part:

**Unfair practices**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.**

6

42. Defendants violated § 1692f by communicating private financial information about Plaintiff to a third party in its attempt to collect the alleged debt.

43. Pendrick authorized, directed, and ratified every action taken by CFSI on its behalf, and is liable for the acts and omissions of CFSI, committed in connection with efforts to collect the alleged debt from Plaintiff. *See Fox v. Citicorp Credit Services, Inc.*, 15 F. 3d 1507 (9th Cir. 1994); *Pollice v. National Tax Funding, L.P.*, 225 F. 3d 379 (3rd Cir. 2000).

44. A debt collector bears the burden of monitoring the activities of those it enlists to collect debts on its behalf. *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317 (7th Cir. 2016).

45. The Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT - ON BEHALF OF A CLASS

46. Plaintiff re-alleges the preceding paragraphs as is set forth fully in this Count.

47. The Defendants violated § 1692c(b) of the FDCPA when it communicated information in connection with an alleged debt about Plaintiff, to a third party, when it had no legal right to do so.

48. The Defendants violated § 1692f by communicating private financial information about Plaintiff to a third party in its attempt to collect the alleged debt.

## CLASS ALLEGATIONS

49. Plaintiff brings this claim on behalf of a class. The class consists of: (a) all individuals with Illinois addresses; (b) who were sent a collection letter by a third party letter vendor, by or on behalf of Commonwealth Financial Systems, Inc., in the form represented by

7

Exhibit A to Plaintiff's Class Action Complaint; (c) to collect a consumer debt allegedly owed to Pendrick Capital Partners II, LLC; (d) that was sent on or after a date one year prior to the filing of this action under the FDCPA; and (e) that was not returned as undeliverable by the postal service.

50. Plaintiff may alter the class definition to conform to developments in the case and discovery.

51. The proposed class meets all requirements under 735 ILCS 5/2-801.

52. **Numerosity:** Upon information and belief, the class is so numerous that joinder of all individual plaintiffs would be impracticable. The exact number of class members is presently unknown and can only be ascertained through discovery because that information is exclusively in the possession of the Defendants. However, it is reasonable to infer that more than 40 Illinois consumers are members of the class. Class members can be easily identified through Defendants' records or by other means. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, and/or published notice.

53. **Commonality and Predominance:** This action involves common questions of law and fact, which predominate over any questions affecting individual class members, including, without limitation:

(a) whether the Defendants communicated information about the alleged debt to a third party when it had no legal right to do so; and

(b) whether such communications violate the FDCPA.

54. **Adequacy of Representation:** Plaintiff is an adequate representative of the class because their interests do not conflict with the interests of the class members they seek to represent and Plaintiff intends to prosecute this action vigorously. Plaintiff has retained counsel

competent and experienced in class action litigation. The interests of the class will be fairly and adequately protected by Plaintiff and Plaintiff's counsel and Plaintiff's claim is typical of the claims of the class members.

55. **Superiority:** A class action in this case would be superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and the class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendants, so it would be impracticable for class members to individually seek redress for Defendants' wrongful conduct. Individualized litigation creates a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and the judicial system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff asks for an award in her favor and against the Defendants as follows:

  A. Certification of the proposed class;

  B. Designation of Plaintiff as representative of the proposed class and designation of Plaintiff's counsel as class counsel;

  C. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

  D. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

FILED DATE: 6/29/2021 10:55 AM 2021CH03170

E. Attorney's fees, litigation expenses and costs of suit pursuant to 15 U.S.C § 1692k(a)(3); and

F. Such other or further relief as the court deems proper.

Respectfully Submitted,
By: /s/ *Bryan Paul Thompson*
One of Plaintiff's Attorneys

Bryan Paul Thompson
Robert W. Harrer
CHICAGO CONSUMER LAW CENTER, P.C.
Cook County Firm No. 62709
33 N. Dearborn St., Suite 400
Chicago, Illinois 60602
Tel. 312-858-3239
Fax 312-610-5646
bryan.thompson@cclc-law.com
rob.harrer@cclc-law.com

Stacy M. Bardo
Bardo Law, P.C. (Cook County Firm No. 59596)
22 West Washington Street, Suite 1500
Chicago, Illinois 60602
Tel: (312) 219-6980
Fax: (312) 219-6981
Stacy@bardolawpc.com

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that Defendants take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to Plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with Plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If Defendants are aware of any third party that has possession, custody, or control of any such materials, Plaintiff demands that Defendants request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the Defendants.

By: /s/ *Bryan Paul Thompson*
One of Plaintiff's Attorneys

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

By: */s/ Bryan Paul Thompson*
One of Plaintiff's Attorneys

Bryan Paul Thompson
Robert W. Harrer
CHICAGO CONSUMER LAW CENTER, P.C.
(Cook County Firm No. 62709)
33 N. Dearborn St., Suite 400
Chicago, Illinois 60602
Tel. 312-858-3239
Fax 312-610-5646
bryan.thompson@cclc-law.com
rob.harrer@cclc-law.com

Stacy M. Bardo
Bardo Law, P.C. (Cook County Firm No. 59596)
22 West Washington Street, Suite 1500
Chicago, Illinois 60602
Tel: (312) 219-6980
Fax: (312) 219-6981
Stacy@bardolawpc.com